## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

LANCE E. DEAVERS,

       Petitioner,

v.

TIM BUCHANAN, WARDEN,

       Respondent.

CASE NO. 2:12-CV-769
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

### OPINION AND ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant *Petition*, Respondent's *Motion to Dismiss*, Petitioner's *Reply*, and the exhibits of the parties. For the reasons that follow, Respondent's *Motion to Dismiss*, Doc. No. 7, is **GRANTED** and this action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Facts and Procedural History:**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On April 22, 1987, the Muskingum County Grand Jury indicted appellant on one count of burglary and one count of grand theft in Case No. CR87–0048. Appellant was served on same date. See, Return of Executed Warrant filed April 23, 1987. Appellant was appointed counsel on April 30, 1987. Appellant signed a personal recognizance bond on May 4, 1987, and a jury trial was set for July 21, 1987. *See, State v. Deavers,* Muskingum App. No. CT2007–0001, 2007–Ohio–5464. [Hereinafter " *Deavers I* "].
>
> On June 15, 1987, a true bill of information was filed against appellant charging him with receiving stolen property (Case No. CR87–0062). On said date, appellant pled guilty to the information and the counts in the April indictment with a full Crim.R. 11 discussion on his rights. Thereafter, appellant left Ohio. Because

1

appellant violated his personal recognizance bond, bench warrants were issued on August 25, 1987.

On October 10, 2006, appellant filed pro se motions from the Desoto Correctional Institution Annex in Arcadia, Florida under the name of Tony Cardello. Appellant sought discovery and dismissal of the pending warrant in the CR87–0048 case, and discovery and imposition of sentence in absentia in the CR87–0062 case. By entries filed November 10, 2006, the trial court found appellant indigent and appointed counsel. Defense counsel filed numerous motions, including motions to withdraw guilty pleas. A hearing on the motions was held on December 14, 2006. A transcript of this hearing was prepared and made a part of the record. The trial court denied the motions to withdraw guilty pleas on the record and entered its findings therein. T. at 90–94. The denials were journalized via entries filed December 15, 2006. *Deavers I* at ¶ 13.

Appellant appealed the trial court's denials of his motions to withdraw his guilty pleas pursuant to Crim.R. 32.1 claiming, among other things, there is no record to establish the waiver of his rights and the voluntariness of the pleas, and he was prejudiced by the state's negligent delay in bringing him back for sentencing. We affirmed the trial court decision noting the trial court's case files establish appellant was afforded a Crim. R. 11 explanation of his rights and there was a valid wavier of those rights; therefore, the trial court did not abuse its discretion in denying appellant's Crim. R. 32.1 motions. *Deavers I* at ¶ 21.[1]

On February 14, 2011 appellant, acting pro se, filed a "Motion Seeking Notice of Plain Error Pursuant to Criminal Rule 52(B)". His motion was denied on February 18, 2011.

It is from the February 18, 2011 Judgment Entry denying his Motion Seeking Notice of Plain Error that appellant has appealed raising the following two assignments of error:

"I. DEFENDANT–APPELLANT IS BEING DENIED DUE PROCESS WITHOUT THE COMPLETE TRIAL COURT RECORD, AND AS SUCH HIS PLEAS AND SENTENCE MUST BE VACATED.

---

[1] On March 12, 2008, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Deavers*, 117 Ohio St.3d 1424 (2008).

"II. THE TRIAL COURT COMMITTED PLAIN ERROR BY DENYING THE DEFENDANT–APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA ."

Appellant has filed his own brief raising as his assignment of error:

"I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION SEEKING NOTICE OF PLAIN ERROR PURSUANT TO CRIMINAL RULE 52(B) WITHOUT A HEARING OR OPPOSITION FROM THE PROSECUTION. DEFENDANT– APPELLANT IS BEING DENIED DUE PROCESS WITHOUT THE COMPLETE TRIAL COURT RECORD, AND AS SUCH HIS PLEAS AND SENTENCE MUST BE VACATED."

*State v. Deavers*, No. CT2011-0009, 2011 WL 3847132, at *1-2 (Ohio App. 5th Dist. Aug. 29, 2011). On August 29, 2011, the Court of Appeals issued an opinion overruling all of Petitioner's assignments of error and affirmed the trial court.

On March 1, 2012, Petitioner, through new counsel, filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Exhibit 29 to Motion to Dismiss*. On April 16, 2012, the appellate court denied Petitioner's Rule 26(B) application. *Id.* Petitioner did not appeal to the Ohio Supreme Court.

Meanwhile, on September 6, 2007, while his direct appeal remained pending, Petitioner additionally filed a petition for post conviction relief in the state trial court. *Exhibit 19 to Motion to Dismiss*, asserting that the State unconstitutionally waited over nineteen years to impose sentence after his guilty plea. *Id.* On December 27, 2007, the trial court denied the post conviction petition. *Exhibit 20 to Motion to Dismiss*. Petitioner did not file an appeal.

3

On August 27, 2012,[2] Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

1.   Denial of due process in conducting a motion to withdraw plea hearing without a complete record; and for unreasonable delay in securing and producing Deavers for a sentencing hearing.

2.   Deavers' guilty pleas were not made knowingly, intelligently and voluntarily.

3.   The trial court denied Deavers due process of law when it abused its discretion when applying the standard for allowing withdrawal of a guilty plea.

4.   Ineffective assistance of appellate counsel in CT2011-0009.

It is the position of the Respondent that this action must be dismissed as time-barred.

**Statute of Limitations:**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2]  Petitioner signed the petition on August 23, 2012.

4

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's judgment of conviction became final on June 10, 2008, ninety days after the Ohio Supreme Court's March 12, 2008, dismissal of his direct appeal, when the time period expired to file a petition for a writ *of certiorari* with the United States Supreme Court. *See, e.g., Bronaugh v. Ohio*, 235 F.3d 280 , 285 (6th Cir. 2000). The statute of limitations began to run on the following day, and expired one year later, on June 11, 2009. Petitioner waited almost three years later, until August 2012, to file this habeas corpus petition. Further, none of his subsequent state court actions tolled the running of the statute of limitations because all such actions were filed after the statute of limitations had already expired. "'The tolling provision does not. . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998)).

Petitioner, however, asserts that equitable tolling of the statute of limitations should apply because he had no knowledge of the time requirement for filing a federal habeas corpus petition, was without the benefit of legal advice, had no legal training, and only a tenth grade education. *Response*, PageID #306; *Affidavit of Lance Deavers*. Additionally, Petitioner contends that he

diligently pursued his rights, and had limited access to the law library and legal materials. *See id.*

Petitioner's arguments are not persuasive. "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham—Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.*; *Jurado v. Burt,* 337 F.3d 638, 642–43 (6th Cir. 2003). A habeas petitioner is entitled to equitable tolling of the statute of limitations only where has diligently pursued his rights and "some extraordinary circumstance" prevented him from timely filing. *Holland v. Florida*, —— U.S. ——, 130 S.Ct. 2549, 2562 (2010) (citation omitted).

A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials together or along do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011) (citation omitted). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the Petitioner's control. *Lowe v. State*, No. 2:120CV-142, 2013 WL

6

950940, at *7 (S.D. Ohio March 12, 2013)(citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Further, nothing in the record indicates that Petitioner's limited access to the prison's law library or legal materials prevented him from filing his Petition for the length of time at issue here. Moreover, and contrary to Petitioner's allegation here, the record fails to reflect he was diligent in pursuing his claims. Even assuming, *arguendo*, that the trial court's substantial delay in imposing sentence was through no fault of his own, Petitioner waited years after his direct appeal had concluded to return to the state courts to challenge his convictions. The state appellate court denied his Rule 26(B) application as untimely. Additionally, Petitioner waited approximately four months after the state appellate court dismissed the last of his state court collateral actions, *i.e.,* his Rule 26(B) application, to file this petition for federal habeas corpus relief. In short, Petitioner has failed to establish either that he diligently pursued his rights or that any extraordinary circumstances prevented him from timely filing. *Holland v. Florida*, 130 S.Ct. at 2562.

WHEREUPON, Respondent's *Motion to Dismiss*, Doc. No. 7, is **GRANTED**, and this action hereby is **DISMISSED.**

IT IS SO ORDERED.

8-20-2013

**EDMUND A. SARGUS, JR.**
**United States District Judge**

7